IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARILYN R. PICKAREE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-2130 |
| | § | |
| VISA USA, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

In June 2019, Marilyn R. Pickaree sued Visa USA, Inc. for $20 million in damages for violating the Fair and Accurate Credit Transactions Act, 15 U.S.C. §§ 1681, *et seq*. (Docket Entry No. 1 at 18). Visa moved to dismiss and for a more definite statement, arguing that Pickaree filed her complaint outside the statute of limitations and lacks standing to bring her claim. (Docket Entry No. 7 at 2–4). Pickaree, a self-described professional pro se litigant, replied by restating the arguments in her complaint and asserting that her filing is timely. (Docket Entry No. 7-1 at 2; Docket Entry No. 12 at 12).

The court agrees that this action is time-barred and grants the motion to dismiss. An order dismissing the case with prejudice is entered separately. The dismissal moots the standing issue and Visa's motion for a more definite statement.

**I.   Background**

Pickaree claims that, on June 10, 2015, after making a purchase with her Visa credit card, she received a receipt illegally displaying her full credit card number and expiration date. (Docket Entry No. 1 at ¶¶ 9, 14). In May 2017, Pickaree sued the store, Royal Coin & Jewelry, in Harris County, Texas district court. (*Id*. at ¶ 15). She added Woodforest National Bank as a party in June

2018. (*Id*. at ¶ 18). Pickaree alleges that she settled with both the store and the bank. (*Id*. at ¶¶ 20–21). She sued Visa for the first time in June 2019 in federal court, arguing that Visa is also responsible for the allegedly defective receipt. (*Id*. at ¶ 22).

Pickaree's complaint does not specify what section of the Act Visa violated. Her original state-court petition against the store, which she attached to her federal complaint, cites 15 U.S.C. § 1681c(g)(1), which provides that:

> [e]xcept as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

(Docket Entry No. 1-2 at 36 n.10). Pickaree did not sue Visa until June 2019 even though the transaction occurred in June 2015. (Docket Entry No. 1).

## II. The Legal Standard for Granting a Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550, U.S. at 556).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558). A court may dismiss an action under Rule 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is [time-]barred and the pleadings fail to raise some basis for tolling or the like." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

### III. Analysis

Pickaree's complaint is time-barred because she sued Visa over two years after discovering the Act violations in the receipt. The Act's limitations provision, 15 U.S.C. § 1681p, provides that:

> [a]n action to enforce any liability created under this subchapter [including 15 U.S.C. § 1681c(g)(1)] may be brought . . . *not later than the earlier of*—(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs. [Emphasis added].

In her state-court petition, Pickaree alleged that she discovered that the receipt had her entire credit card number and expiration date on June 10, 2015, the date of the purchase. (Docket Entry No. 1-2 at 34) ("After Plaintiff, Marilyn R. Pickaree left Royal Coin and Jewelry on June 10[, 2015] Plaintiff reviewed and look[ed] over her receipt only to realize that Plaintiff's Full Account

3

[number] . . . [and] . . . Expiration date . . . [were] displayed on the receipt."). Pickaree "recognized that the receipt . . . violated [the Act]." (*Id.*). The court may consider Pickaree's original state-court petition because Pickaree attached it to her federal complaint. (Docket Entry No. 1-2 at 30); *Inclusive Cmtys Project*, 920 F.3d at 900.

Pickaree appears to argue that she may sue Visa *either* two years after discovering the alleged violation *or* five years after the alleged violation occurred. (Docket Entry No. 12 at 12). The statute refers to "the earlier of" the two dates. 15 U.S.C. § 1681p. Pickaree states the law incorrectly, although she describes it accurately in one part of her reply to the motion to dismiss. (*Compare* Docket Entry No. 1 at 17, *and* Docket Entry No. 12 at 12, *with* Docket Entry No. 12 at 6).

Pickaree also argues that her claims "carry merit and as such . . . are not time-barred." (Docket Entry No. 12 at 12). Neither the statute nor case law supports this argument.

Two years after the "date of discovery" is earlier than five years after the date of the alleged violation. Pickaree had until June 2017 to sue Visa. 15 U.S.C. § 1681p. She sued Visa in June 2019. Pickaree's complaint is time-barred on its face because she waited to sue Visa for two years after the deadline expired. Pickaree raises no ground for extending the deadline. Her claim for relief is not "plausible on its face" and her action must be dismissed under Rule 12(b)(6), with prejudice and without leave to amend, because amendment would be futile. FED. R. CIV. P. 12(b)(6); *Twombly*, 550 U.S. at 570; *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019) (quoting *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 591 (5th Cir. 2016)) ("futility of amendment" is a "[p]ermissible reason[]" for denying leave to amend).

## IV. Conclusion

Pickaree's complaint, (Docket Entry No. 1), is dismissed with prejudice. Visa's motion to dismiss for failure to state a claim, (Docket Entry No. 7), is granted. Visa's motions for a more definite statement and to dismiss for lack of standing, (*id*.), are denied as moot.

SIGNED on September 9, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge